## REQUIREMENTS IN AFFIDAVIT IN ATTACHMENT.

### Circuit Court of Hamilton County.

### GEORGE F. GILBERT v. STEPHEN J. BURKE.

#### Decided, March, 1908.

*Attachment—Requisites of Affidavit for—Statement on Belief Only as to Non-Residence of Defendant not Sufficient—Section 5522.*

1. An affidavit in attachment under Section 5522, Revised Statutes, where the defendant is a non-resident, in order to give jurisdiction must contain statements showing: nature of plaintiff's claim; that it is just; the amount which the affiant believes the plaintiff ought to recover; and that the defendant is a non-resident of this state.

2. An affidavit for attachment which avers that "Stephen J. Burke, plaintiff, being first duly sworn, says that the claim sued upon is for money paid by him for the use and benefit of the defendant and upon contract, and that said claim is just;" and "affiant believes that he ought to recover the sum of $105, together with interest, from the 17th day of August, 1895, and that the defendant is a non-resident of this state," is in compliance with the first

three provisions of Section .5522, but as to the question of non-residence is upon affiant's belief merely, and is therefore not a sufficient statement under the statute of the fact of non-residence; and it follows that the proceedings in attachment founded on such affidavit are void.

*Samuel B. Hammel*, for plaintiff.

*C. M. Thompson* and *F. M. Gorman*, for defendant.

SWING, P. J.; GIFFEN, J., and SMITH, J., concur.

This action is here on appeal. It is an action to quiet title. Gilbert was the owner of certain real estate in this county, and at no time was a resident of the city of Chicago, state of Illinois, when the defendant in this action brought an action against him in this county, got a judgment against Gilbert and sold the land belonging to Gilbert. Burke was the purchaser at the sheriff's sale, and he now claims to be the owner of the land in controversy, by virtue of the sheriff's deed.

In order to get jurisdiction, Burke was compelled to sue out a writ of attachment. He filed the following affidavit:

"Stephen J. Burke, plaintiff, being first duly sworn, says that the claim sued upon is for money paid by him for the use and benefit of the defendant, and upon contract, and that said claim is just.

"Affiant believes that he ought to recover the sum of $105, together with interest from the 17th day of August, 1895; and that the defendant is a non-resident of this state."

Does his affidavit contain the necessary statements required by the statute? If not the proceedings under it are void. The first proposition of the syllabus in *Endel* v. *Leibrock*, 33 O. S., 254, is as follows:

"A writ of attachment under the code without the requisite affidavit is void."

In *Dunleavy* v. *Schwartz*, 17 O. S., 640, the Supreme Court say:

"An affidavit stating the plaintiff's belief that the defendant has absconded, with intent to defraud his creditors, without setting forth any acts justifying such belief, does not lay a sufficient ground for issuing a writ of attachment."

This decision was followed by the Supreme Court in 23 O. S., 192.

Proceedings in attachment are purely statutory, and the provisions of the statutes must be strictly complied with, in order to give jurisdiction.

In this case, in order to give jurisdiction, it was necessary that the affidavit should contain, under Section 5522, Revised Statutes, statements showing:

(1).  Nature of plaintiff's claim.

(2).  That it is just.

(3).  The amount which affiant believes that plaintiff ought to recover, and

(4).  That the defendant is a non-resident of this state.

There is no question but what the first three provisions have been complied with.  But, is there an allegation that the defendant is a non-resident of the state?  And is, "and that the defendant is a non-resident of this state," a statement that he is a non-resident of this state by the affiant?  What does the affiant say?  Grammatically, the verb next preceding this clause must govern, which is "affiant believes."  It can not be connected with the verb "says" in the first part of the affidavit. The sentence in which the verb is used is complete in itself, and there is nothing to show in the composition of the sentence, or the punctuation, that it was intended to cause any subsequent allegation of a fact.  If it has any verb, therefore, it must be "believes."  Therefore, if it has no verb, it is no statement of a fact, and if it is the verb "believes," it is not a sufficient statement of a fact as required by statute.  If we are correct in this view, it follows that the proceedings in attachment were void, and Burke got nothing by it.

Decree accordingly.